IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph James Howe, | ) C/A No. 0:08-3707-TLW-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Darlene Drew, | ) |
| Respondent. | ) |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion to deny habeas petition. (Docket Entry 15.) Joseph James Howe ("Howe"), a self-represented federal prisoner, filed this action pursuant to 28 U.S.C. § 2241 challenging his prison disciplinary conviction.

On January 5, 2009, the respondent filed a motion to deny habeas petition. (Docket Entry 15.) By order filed January 7, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 16.) Howe filed a response in opposition to respondent's motion. (Docket Entry 18.) The respondent filed a reply on January 22, 2009, and Howe filed a sur-reply on January 30, 2009. (Docket Entries 19 & 20.) This motion is now before the court for a Report and Recommendation.

**BACKGROUND**

Howe, who is serving a federal sentence for conspiracy to possess with intent to distribute controlled substances, is incarcerated with the Bureau of Prisons. The Respondent has submitted evidence that on January 10, 2006, at 1:55 p.m., Howe was provided a copy of an incident report

charging him with threatening a BOP employee. (Resp.'s Answer & Return Ex. 2 ¶¶ 14-16, Docket Entry 15-4 at 2.) Howe disputes that he received a copy of this report at that time. The incident report form does not appear to provide Howe's signature or mark acknowledging receipt in any way. (Resp.'s Answer & Return Ex. 2, Docket Entry 15-4.)

The incident report notes that the charge was "Threatening," and further lists a violation code number of 219. (Resp.'s Answer & Return Ex. 2 ¶¶ 9-10, Docket Entry 15-4 at 2.) The matter was referred to a disciplinary hearing officer to conduct a hearing. On January 18, 2006, the hearing officer commenced the hearing and noticed that while the violation was properly listed in Paragraph 9 of the incident report as "threatening," the violation code number listed on the incident report in Paragraph 10 was incorrect, as code number 219 is for the charge of stealing, while 203 is the correct code for "threatening." The code was then changed to correct this scrivener's error. Significantly, the hearing officer then offered Howe the opportunity to continue the hearing for twenty-four hours in case the error had resulted in a misunderstanding. Howe waived the right to continue the hearing and elected to proceed on January 18. (Resp.'s Answer & Return Ex. 5 ¶ V, Docket Entry 15-7 at 3.)

The sole ground Howe raises in this Petition is that his due process rights were violated because he denies that he received a copy of the incident report on January 10, 2006, as indicated by Lt. Edwards on the incident report. (Petr.'s Sur-reply at 2, Docket Entry 20 at 2; Petr.'s Aff., Docket Entry 18 at 3-4.)

Page 2 of 5

PJG

# DISCUSSION

**A.  Habeas Corpus Standard**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody.  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  The sole remedy in federal court for a prisoner seeking restoration good time credits or seeking to invalidate his disciplinary conviction is a writ of habeas corpus.  See Edwards v. Balisok, 520 U.S. 641 (1997); Preiser, 411 U.S. 475.  Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence.  See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*)); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

**B.  Due Process Argument**

If an inmate properly alleges a deprivation of a liberty or property interest, the court must determine whether the respondent afforded the inmate due process of law in accordance with Wolff v. McDonnell, 418 U.S. 539 (1974), before depriving him of that protected interest.  Under Wolff, the inmate is entitled to the following:  (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) written findings as to the evidence relied upon and reasons for the disciplinary action; and (3) the right to call witnesses and present evidence in his defense, provided there is no undue hazard to institutional safety or correctional goals.  Wolff, 418 U.S. at 563-67.  Additionally, an inmate should be permitted to seek counsel substitute (a fellow inmate or a prison employee) if he is illiterate or in complex cases that he cannot handle alone, and he is entitled to have the charges adjudicated by a fair and impartial tribunal.  Id. at 569-71.

PJG

Although Howe disputes that he received a copy of the January 10, 2006 incident report on that date, this assertion, even if true, does not entitle Howe to habeas corpus relief. The court finds, upon a thorough review of the record, that Howe was not denied due process of law. Significantly, due to the scrivener's error regarding the violation code, the hearing officer, in an abundance of caution, gave Howe the opportunity to continue the hearing for twenty-four hours. Howe declined. Thus, Howe waived his right to written notice of the charge twenty-four hours in advance of the hearing. See, e.g., Dusanek v. Hannon, 677 F.2d 538 (7th Cir. 1982) (stating that there is no due process violation if a person has recourse to a constitutionally sufficient administrative procedure but declines or fails to avail himself of it).

Further, Howe received an adequate opportunity for a hearing in which he could present witnesses and documentary evidence, opportunity for a counsel substitute, and an impartial hearing officer who provided a statement of the evidence presented and the reasons for hearing officer's decision. Moreover, the record shows that there is at least "some evidence" supporting the hearing officer's decision. See Hill, 472 U.S. at 454.

## RECOMMENDATION

Based upon the record, the court finds that Howe was afforded due process of law and is not entitled to a writ of habeas corpus or reinstatement of his good time credits. Accordingly, the court recommends that the respondent's motion to deny habeas petition (Docket Entry 15) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 7, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).